UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| KAITLIN DWYER A/K/A KAITLIN VAZQUEZ, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>Plaintiff,<br>v<br><br>THE CBE GROUP, INC.,<br><br>Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Kaitlin Dwyer a/k/a Kaitlin Vazquez [hereinafter "Dwyer"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, The CBE Group, Inc. ("CBE"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CBE's regular transaction of business within this district. Venue in this district also is proper based on CBE possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. CBE also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Dwyer is a natural person who resides at 6 Elm Court, Selden, NY 11784.

6. Dwyer is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 11, 2017, CBE sent Dwyer the letter annexed as Exhibit A. Dwyer received and read Exhibit A. For the reasons set forth below, Dwyer's receipt and reading of Exhibit A deprived Dwyer of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CBE sent Exhibit A to Dwyer in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Credit First, N.A. for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. CBE, via Exhibit A, attempted collect the past due debt from Dwyer in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. CBE is a Iowa Domestic Business Corporation and a New York Foreign Business Corporation with a principal business address of 1309 Technology Parkway, Cedar Falls, Iowa 50613.

11. Based upon Exhibit A and upon CBE possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CBE is the collection of debts using the instrumentalities of interstate commerce,

including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, CBE identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, CBE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A sets forth the following: "Current Balance: $1,089.12".

16. If on the date of Exhibit A Credit First, N.A. was not accruing interest, late charges, and/or other charges on the "Current Balance" of $1,089.12 set forth in Exhibit A, then Defendant violated 15 USC § 1692e and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" balance due or describing the balance as the "current" balance.

## SECOND CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

18. Exhibit A sets forth the following: "Current Balance: $1,089.12".

19. Upon information and belief, Credit First, N.A. continued to accrue interest, late charges, and/or other charges on the "Current Balance" of $1,089.12 set forth in Exhibit A.

20. Exhibit A failed to notify Dwyer that her "Current Balance" of $1,089.12 may increase

due to the aforementioned accrued interest, late charges, and/or other charges.

21. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Dwyer.

### THIRD CAUSE OF ACTION-CLASS CLAIM

22. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

23. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

25. As a result of sending Exhibit A to Dwyer, Defendant violated of 15 USC 1692g.

### CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

27. The class consist of (a) all natural persons (b) who received a letter from CBE dated between June 11, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

28. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

29. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

30. The predominant common question is whether Defendant's letters violate the FDCPA.

31. Plaintiff will fairly and adequately represent the interests of the class members.

32. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

33. A class action is the superior means of adjudicating this dispute.

34. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      June 12, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107